Rachel Bien (State Bar No. 315886)
rachel@os-legal.com
OLIVIER & SCHREIBER LLP
595 E. Colorado Blvd., Suite 418
Pasadena, CA 91101
Tel.: (415) 484-0980
Fax: (415) 658-7758

Matthew Z. Crotty (*pro hac vice forthcoming*)
mzc@rnwlg.com
Kacy O. Tellessen (*pro hac vice forthcoming*)
kot@rnwlg.com
RIVERSIDE NW LAW GROUP
905 West Riverside, Suite 208
Spokane, WA 99201
Tel.: (509) 850-7011

*Attorneys for Plaintiffs*

[Additional Counsel on Signature Page]

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ERIC WHITE and MARK DUFFER, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED AIRLINES, INC. <br><br> Defendant. | NO. 8:24-CV-00434 <br><br> COMPLAINT FOR VIOLATION OF THE UNIFORMED SERVICES EMPLOYMENT AND REEMPLOYMENT RIGHTS ACT; CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT <br><br> DEMAND FOR JURY TRIAL <br><br> EXEMPT FROM FILING FEES UNDER 38 U.S.C. § 4323(h)(1) |

Plaintiffs, ERIC WHITE and MARK DUFFER, hereby allege as follows:

## INTRODUCTION

1. Eric White and Mark Duffer bring their retaliation claims under the Uniformed Services Employment and Reemployment Rights Act ("USERRA") and California's Fair Employment and Housing Act ("FEHA"). Mr. White and Mr. Duffer exercised their rights to sue Defendant United Airlines, Inc. ("United" or "Defendant") in two different USERRA class action lawsuits and Defendant retaliated against them by denying them promotions to positions that would have afforded them significantly more in pay and other benefits.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331, because this action arises under USERRA, a law of the United States. This Court also has subject matter jurisdiction over the USERRA claim pursuant to 38 U.S.C. § 4323(b)(3), which provides the district courts of the United States with jurisdiction over any USERRA action brought against a private employer.

3. The Court has supplemental jurisdiction over the FEHA claim under 28 U.S.C. § 1367, because the claim is so related to the USERRA claim that it forms part of the same case or controversy under Article III of the U.S. Constitution.

4. Venue is proper in this District under 38 U.S.C. § 4323(c)(2), because Defendant is a private employer of Plaintiffs, maintains a place of business in this District, and one Plaintiff resides in this District.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

5. Prior to the filing of this action, Plaintiffs timely filed complaints with the California Civil Rights Department ("CRD") alleging that the acts of Defendant established violations of FEHA. Plaintiffs received "right to sue" letters from the CRD against Defendant on February 29, 2024.

## PARTIES

6. Plaintiff Eric White is and has been employed as a pilot with Defendant (or predecessor companies) since 2005. Mr. White was a pilot at Continental Airlines from 2005 to 2010, and became a United Airlines pilot in 2010, when Continental Airlines was acquired by UAL Corporation. As part of the merger, UAL Corporation changed its name to United Continental Holdings, Inc. ("UCH"). Mr. White currently serves as a Captain flying Boeing 737 passenger airplanes for United. During his career at United, Mr. White has routinely flown to and from the Los Angeles International Airport ("LAX") in this District. During his employment with Defendant, Mr. White has routinely taken military leave, including numerous periods of short-term military leave. Mr. White resides in San Juan Capistrano, California.

7. Plaintiff Mark Duffer is and has been employed as a pilot with Defendant (or predecessor companies) since 2005. He became a 737 Captain in 2008 and has amassed over 10,000 incident free hours. He currently resides in Carlsbad, California.

8. United is a wholly owned subsidiary of UCH. United is an employer within the meaning of 38 U.S.C. § 4303(4)(A), because it "pays salary or wages for work performed" and has "control over employment opportunities" of its employees, including Plaintiffs.

9. United is an employer under FEHA because it regularly employs five or more people under Gov't Code § 12926(d).

## FACTUAL ALLEGATIONS

*Defendant's Retaliatory Actions Against Plaintiff White*

10. From 2010 to 2022, in addition to flying for Defendant, Mr. White served in the Indiana Air National Guard as, among other things, an A-10 pilot.

11. On January 7, 2019, Mr. White sued Defendant and UCH as the named plaintiff in a USERRA class action lawsuit titled *White v. United Airlines, Inc.*, No. 1:10-cv-00114 (N.D. Ill. filed Jan. 7, 2019).

12. On February 3, 2021, the Seventh Circuit Court of Appeals issued a published opinion affirming that Plaintiff pled a viable USERRA claim. *See White v. United Airlines, Inc.*, 987 F.3d 616 (7th Cir. 2021).

13. A federal appellate court ruling that a Plaintiff stated viable class claims against a major American airline is an uncommon and noteworthy event. Recognizing that, multiple news media outlets reported on the Seventh Circuit's decision. *See, e.g.*, Porter Wells, *United Pilot Gets Second Shot at Suit Over Paid Military Leave*, Bloomberg Law (Feb. 3, 2021, 7:55 PM), https://news.bloomberglaw.com/employee-benefits/united-pilot-gets-second-shot-at-suit-over-paid-military-leave.

14. Following the Seventh Circuit's decision, the discovery process began. This included Plaintiff's attorneys taking several depositions pursuant to Federal Rule of Civil Procedure 30(b)(6).

15. Defendant designated Ariana Stackhouse, Defendant's Senior Manager for Military Affairs, as one of its Rule 30(b)(6) deponents. She was deposed on March 16, 2022. Ms. Stackhouse also attended Mr. White's deposition, which occurred on May 16, 2022. Upon information and belief, Ms. Stackhouse is heavily involved with multiple aspects of Defendant's human resources operations. Ms. Stackhouse's LinkedIn profile reflects that she is currently Defendant's "Senior Manager Military Affairs" and, during the February 2016 – August 2022 timeframe, was Defendant's "Flight Operations Military Affairs Manager."

16. The "About" part of Ms. Stackhouse's LinkedIn profile reads:

Experienced Manager with a demonstrated history of working in the airlines/aviation industry. Skilled in Operations Management, Team

4

COMPLAINT FOR VIOLATIONS OF USERRA AND FEHA
CASE NO. 8:24-CV-00434

Building, Management, U.S. Family and Medical Leave Act (FMLA), The Americans With Disabilities Act (ADA), Uniformed Services Employment and Reemployment Rights Act (USERRA), and Leadership. Strong operations professional graduated from Southern Methodist University.

17. As Defendant's Senior Manager Military Affairs who was "skilled in…USERRA," Ms. Stackhouse knew that Mr. White's USERRA class action was protected activity for which retaliation was forbidden.

18. Upon information and belief, Ms. Stackhouse took no steps to inform, caution, educate, or otherwise tell her human resources subordinates and/or managers, in writing, that Defendant was in no way, shape, or form allowed to retaliate against Mr. White for his participation in the above-captioned USERRA class action lawsuit.

19. In the summer and fall of 2023, Defendant posted multiple job openings for a Line Check Pilot ("LCP") position, which, upon information and belief, pays approximately $100,000 more per year than Plaintiff White's current position.

20. On or around July 5, 2023, United employee Curt Martin interviewed for an LCP position. Present at that interview were Line Training Managers Deb Sings and Randy Webb.

21. Approximately 72 hours later, Mr. Martin was offered an LCP position.

22. Mr. Martin has never sued Defendant.

23. Mr. White applied for an LCP position in or around August 2023.

24. Upon information and belief, Mr. White was at least as qualified as Mr. Martin for an LCP position. Relative to Mr. Martin, Mr. White had a longer tenure and more flight experience.

25. From 2010 through August 29, 2023, the timeframe in which Mr. White applied for the promotions at issue in this lawsuit, Mr. White had no discipline, performance problems, write ups, or likewise negatively documented workplace issues.

26. On or around August 29, 2023, Mr. White attended a Microsoft Teams interview for the LCP position. Present at the interview were Assistant Chief Pilot Chris Dowell and Line Training Manager Isaac Shareef.

27. At the end of the interview, the interviewers told Mr. White he would be notified within three days as to whether he got the job and, if he did not receive the job, would receive feedback about his interview performance to allow him to improve his chances and re-apply in six months.

28. Upon information and belief, Defendant's Human Resources department is involved in ensuring that the different interview panels and overall application process is uniformly executed.

Case 8:24-cv-00434   Document 1   Filed 03/01/24   Page 8 of 17   Page ID #:8

29. Defendant's Human Resources department also has an affirmative obligation to ensure the selection process for the LCP position is not tainted by retaliatory animus.

30. Unlike Mr. Martin's experience, three days after the interview, Mr. White did not hear either way about the position.

31. On or around September 9, 2023, Mr. White emailed Mr. Dowell and Mr. Shareef to ask for follow-up on how he did on the interview. No one responded.

32. Not receiving an answer, on or around September 26, 2023, Mr. White again emailed Mr. Dowell and Mr. Shareef, as well as Captain Brian Jackson (who suggested Mr. White apply for the LCP position), Dennis Smith (a representative of the United pilots' union's military affairs committee), and Jenn Lambrazo (the system flight manager), to ask for a decision about the position and/or feedback. No one responded.

33. On October 4, 2023, Joel Gutierrez (a current LCP and Airline Pilots Association ("ALPA") representative) followed up with Captain Jackson and asked for a decision and/or feedback on Mr. White's (and ALPA's) behalf. No one responded.

34. On or around October 23, 2023, only after his counsel contacted Defendant's counsel, Mr. White learned that he was not selected for the LCP position.

7
COMPLAINT FOR VIOLATIONS OF USERRA AND FEHA
CASE NO. 8:24-CV-00434

The reason provided for why he was not informed earlier and did not receive feedback was "paperwork error."

35. Mr. White never received an answer or feedback directly from Defendant.

36. As of January 23, 2024, the below poster sits near the entrance of United's Flight Training Center in Denver, Colorado:



**Defendant's Retaliatory Actions Against Plaintiff Duffer**

37. From 2005 to 2013, Mr. Duffer served in the United States Marine Corps Reserves as an F/A-18 pilot.

38. From 2005 through June 24, 2022, the timeframe in which Mr. Duffer most recently applied for the promotions at issue in this lawsuit, Mr. Duffer had no

discipline, performance problems, write ups, or likewise negatively documented workplace issues.

39. Mr. Duffer, did however, sue Defendant as the named plaintiff in a USERRA class action lawsuit titled *Duffer v. United Continental Holdings, Inc.*, No. 1:13-cv-03756 (N.D. Ill. filed Feb. 8, 2013).

40. Mr. Duffer caused the above-referenced class action lawsuit to be filed on February 8, 2013.

41. Mr. Duffer's class action lawsuit was litigated in excess of four years and, on or around September 19, 2017, resulted in a settlement that cost the named defendants in that lawsuit in excess of $10,000,000.00.

42. On or around October 17, 2013, while the above-referenced lawsuit was pending, Mr. Duffer interviewed for a Line Check Airman ("LCA") position, which, upon information and belief, has the same duties and pay as the LCP position and differs only in title. Upon information and belief, the LCA position paid approximately $100,000 more per year than Mr. Duffer's salary. This interview occurred at the LAX Chief Pilot's office and involved a three-person panel along with a United human resources representative. The panelists included John Buyer (the LAX Domicile Chief Pilot – whose job involved overseeing the operational and technical aspects of Defendant's LAX flight operations), Glen McGreary (an Assistant Chief Pilot), and a representative from HR.

43. John Walker, Mr. Duffer's supervisor, directed Mr. Duffer to apply for the LCA position because of Mr. Duffer's solid performance history.

44. The day before the interview, Mr. Walker agreed to provide Mr. Duffer with a recommendation and emailed the panelists and others recommending that Mr. Duffer be interviewed for the position.

45. Mr. Duffer was not given the promotion – a decision that cost Mr. Duffer tens of thousands of dollars annually. Nor was he given an official explanation as to why he did not get the promotion.

46. Shortly after learning that he was not selected for the position, Mr. Duffer asked Mr. McGreary why he was not interviewed. In response, Mr. McGreary said, "it didn't mean no, just not now," or words to that effect. No other explanation was provided.

47. On or around June 24, 2022, Mr. Duffer interviewed for another LCA position. Mr. Duffer's current supervisor, Sepher Shams, asked Mr. Duffer to apply based on Mr. Duffer's solid performance record.

48. The panelists for this (Microsoft Teams) interview were Captain Chris Dowell, LAX Domicile Assistant Chief Pilot, and Captain Joel Aiken, Senior Manager - Fleet Standards (737) in the Denver Training Center.

49. Mr. Duffer was not told whether he was selected for this LCA position. Accordingly, and after weeks of not hearing anything, Mr. Duffer contacted Brian

Jackson, the current LAX Chief Pilot, who ultimately responded with words to the effect of "nobody has reached out to you? Well, it's a negative." No other official explanation was provided.

50. However, shortly after Mr. Duffer learned that he was not selected, a pilot colleague of Mr. Duffer named Eric Sinnett spoke with Mr. Aiken whereupon Mr. Aiken informed Mr. Sinnett that Mr. Duffer did not get the LCA position because he "filed a class action against the company."

## CAUSES OF ACTION

## (FIRST CAUSE OF ACTION – USERRA, 38 U.S.C. § 4311(b) – RETALIATION)

51. Plaintiffs repeat and reallege the allegations set forth in all preceding paragraphs as though fully set forth herein.

52. The USERRA, 38 U.S.C. § 4311(b), contains an anti-retaliation provision that makes it unlawful for an employer to retaliate against a person who, *inter alia*, "(1) has taken an action to enforce a protection afforded any person under this chapter, (2) has testified or otherwise made a statement in or in connection with any proceeding under this chapter, (3) has assisted or otherwise participated in an investigation under this chapter, or (4) has exercised a right provided for in this chapter."

53. Plaintiffs' USERRA protected activity includes, but is not limited to, their USERRA class action lawsuits, testifying in their respective lawsuits, and remaining the named plaintiffs in said lawsuits.

54. Defendant retaliated against Plaintiffs by denying them LCA/LCP positions for which they applied and were qualified.

55. Plaintiffs' exercise of their respective USERRA rights was a motivating factor in Defendant's decision to not hire them for the LCA/LCP positions.

56. Defendant's actions have caused Plaintiffs damages in amounts to be proven at trial.

**(SECOND CAUSE OF ACTION – USERRA, 38 U.S.C. § 4323 – LIQUIDATED DAMAGES)**

57. Plaintiffs repeat and reallege the allegations set forth in all preceding paragraphs as though fully set forth herein.

58. Defendant knew its conduct was prohibited under the provisions of USERRA, and its conduct was willful as defined by 38 U.S.C. § 4323(d), 20 C.F.R. § 1002.312(c), because, *inter alia,* Defendant's Senior Military Affairs HR officer knew Plaintiffs were protected from adverse actions given their status as named USERRA class action plaintiffs but, on information and belief, took no steps to ensure Defendant protected Plaintiffs from retaliation.

59. Further proof of Defendant's willful disregard of USERRA's requirements is: (a) Mr. Aiken's statement that Mr. Duffer was not selected for the LCA position because he sued the company, (b) Defendant's promotion of employees who were less qualified for the LCA/LCP positions than Plaintiffs, and (c) Defendant's repeated refusal to timely notify Mr. Duffer and Mr. White as to the outcome of their respective applications for the LCA/LCP positions, whereas Defendant timely informed their peers who did not sue Defendant.

60. To the extent that any contract, agreement, collective bargaining agreement, policy or practice of the Defendant constitutes any limitation on Plaintiffs' rights under USERRA, it is illegal, null and void, inapplicable and of no force or effect pursuant to 38 U.S.C. § 4302.

**(THIRD CAUSE OF ACTION – VIOLATION OF CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT - RETALIATION)**

61. Plaintiffs repeat and reallege the allegations set forth in all preceding paragraphs as though fully set forth herein.

62. California Government Code § 12940(a) makes it an unlawful employment practice for an employer to discriminate against an employee "in compensation or in terms, conditions, or privileges in employment" on account of that employee's military or veteran status.

63. Plaintiffs' USERRA class action lawsuits alleged that Defendant

discriminated against Plaintiffs in terms/conditions of employment—a practice forbidden by USERRA and the California Government Code.

64. California Government Code § 12940(h) bars an employer from retaliating against an employee who has opposed any practice forbidden by the California Government Code.

65. Defendant violated Government Code § 12940 by retaliating against Plaintiffs by not selecting them for the LCA/LCP positions for which they applied and were qualified because Plaintiffs had exercised their rights under USERRA and sued Defendant for discriminating against them based on their military status.

66. Plaintiffs suffered and continue to suffer emotional distress as a result of the retaliation. This emotional distress includes embarrassment, humiliation, loss of reputation, and apprehension of further retaliatory acts by Defendant, including but not limited to a negative performance review or evaluation.

67. As a result of Defendant's unlawful conduct, Plaintiffs are owed front and backpay, compensatory damages, and attorneys' fees and costs, all to be proven at trial.

68. Plaintiffs are also entitled to punitive damages under Cal. Civ. Code § 3294. Defendant's willful conduct, as alleged herein, perpetrated by United's officers, directors or managing agents, acting on behalf of United, was both oppressive and malicious. These acts were taken in conscious disregard of Plaintiffs'

rights.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that judgment be entered against Defendant and respectfully requests that this Court award the following relief:

A. Award Plaintiffs back pay, front pay, compensatory damages, pre- and post-judgment interest, adverse tax consequences, punitive damages, and liquidated damages;

B. Declare that Defendant's violation of USERRA was willful under 38 U.S.C. § 4323(d)(1)(C);

C. Require Defendant to pay attorneys' fees, expert witness fees, litigation expenses, and costs pursuant to 38 U.S.C. § 4323(h) and Cal. Gov't Code § 12965; and,

D. Grant such other and further relief as the Court deems proper, just, and/or equitable.

## JURY TRIAL DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure or any similar rule or law, Plaintiffs demand a trial by jury for all causes of action and issues for which trial by jury is available.

| | | |
|---|---|---|
| 1 | Dated: March 1, 2024 | Respectfully submitted, |
| 2 | | */s/ Rachel Bien* |
| | | Rachel Bien (State Bar No. 315886) |
| 3 | | rachel@os-legal.com |
| | | OLIVIER & SCHREIBER LLP |
| 4 | | 595 E. Colorado Blvd., Suite 418 |
| | | Pasadena, CA 91101 |
| 5 | | Tel.: (415) 484-0980 |
| | | Fax: (415) 658-7758 |
| 6 | | |
| | | Matthew Z. Crotty (*pro hac vice forthcoming*) |
| 7 | | |
| | | mzc@rnwlg.com |
| 8 | | Kacy O. Tellessen (*pro hac vice forthcoming*) |
| 9 | | kot@rnwlg.com |
| | | RIVERSIDE NW LAW GROUP |
| 10 | | 905 West Riverside, Suite 208 |
| | | Spokane, WA 99201 |
| 11 | | Tel.: (509) 850-7011 |
| 12 | | Michael J. Scimone (*pro hac vice forthcoming*) |
| 13 | | mscimone@outtengolden.com |
| | | OUTTEN & GOLDEN LLP |
| 14 | | 685 Third Avenue, 25th Floor |
| | | New York, NY 10017 |
| 15 | | Tel.: (212) 245-1000 |
| | | Fax: (646) 509-2060 |
| 16 | | |
| 17 | | *Attorneys for Plaintiffs* |
| 18 | | |
| 19 | | |
| 20 | | |
| 21 | | |